BASYLI KOLODRIANSKI *vs.* AMERICAN LOCOMOTIVE WORKS.

APRIL 27, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Master and Servant. Negligence. Notice. Safe Place for Servants.*
Where a heavy sheet of metal was placed over certain machinery by a fellow-servant of plaintiff, to protect it from the rain, its use for several weeks

was sufficient to impute notice to defendant, and its continuance in a position where it would almost inevitably fall when the machinery was operated violated defendant's duty to provide a reasonably safe place for its servants.

(2)   *Evidence.   Testimony at Former Trial.*

Testimony of a witness beyond the jurisdiction of the court, given at a former trial of a case, where the opposite party has had an opportunity to cross-examine, is properly admitted at a subsequent trial.

(3)   *Evidence.   Weather Records.*

Weather records of the city of Providence are properly admitted to show the state of the weather in rebuttal of evidence on the same subject.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant, and overruled.

(1)   PER CURIAM.   The verdict in this case is supported by competent evidence on the part of the plaintiff, although it is contradicted in some particulars by the defendant's witnesses. We think the weight of the evidence supports the claim that the plaintiff's injuries were caused by the fall upon him of a heavy sheet of metal which had been used for several weeks to protect certain machinery from the rain which might fall through a leaky roof.   Though the metal was placed in position by a fellow-workman, it had been used for the purpose so long that the notice of the arrangement might well be imputed to the defendant corporation.   The continuance of the sheet of metal in a position where it would almost inevitably fall when the machinery was operated violated the duty of the defendant to provide a reasonably safe place for its workmen.

We do not find the verdict excessive, in view of the evidence of the plaintiff's physicians.

These considerations dispose of the 5th, 6th, 7th, and 8th exceptions.

(2)   The first exception is to the admission in evidence of the testimony of the plaintiff's wife, taken at a former trial.   It has long been the practice of our courts to admit such testimony where, as in this case, the witness is beyond the jurisdiction of the court and the opposite party has had an opportunity to cross-examine.   This practice is sanctioned by the best authorities—Stevens Digest Evidence, art. 32, pp. 76, 77, 78;

I Greenl. Evidence, 15th ed. § 163, p. 234—and we think it is in accordance with reason. A deposition of the witness would presumably be a mere repetition of his testimony taken in open court in the presence of both parties or their counsel. The suggestion that the witness in the present case was kept away by the procurement of the plaintiff is not supported by the evidence; on the contrary, her absence is satisfactorily explained.

The second exception is to the admission of the testimony of plaintiff's wife, given at the former trial, as to the state of the plaintiff's hearing four years before the accident. The testimony referred to the changes in his hearing capacity between the last time that she saw him before the accident and the time subsequent to the accident. The exception goes to the weight of this evidence rather than to its admissibility. We do not think that the court erred in permitting it to be read.

(3)   The third exception was to the introduction of the weather records of the city of Providence. They were properly admitted to show the state of the weather in rebuttal of the evidence of one of defendant's witnesses who testified on the same subject. The formal authentication of the record was expressly waived.

The fourth exception is not insisted upon.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court for judgment upon the verdict.

*Frank Healy and George T. Marsh,* for plaintiff.
*William A. Morgan,* for defendant.

